**WORRELL NEWSPAPERS OF INDIANA, INC., d/b/a Greensburg News, Karen McKinley, Plaintiffs,**

v.

**Honorable John WESTHAFER, Decatur County Circuit Court Judge, Kenneth Bass, Decatur County Prosecuting Attorney, Defendants.**

No. IP 83–32–C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Sept. 20, 1983.

Edward O. DeLaney, Indianapolis, Ind., for plaintiffs.

Michael Schaefer, Mark J. Tidd, Deputy Attys. Gen. of Ind., Indianapolis, Ind., for defendants.

## ENTRY

DILLIN, Chief Judge.

This case comes before the Court on the parties' cross-motions for summary judgment. For the reasons stated below, defendants' motion is granted; plaintiffs' motion is denied.

*Facts*

On the morning of November 4, 1982, Karen McKinley, a reporter for the Greensburg Daily News, was informed by a confidential source that a criminal information would be filed that morning by the Decatur County Prosecutor, Kenneth Bass, in connection with an arson investigation. The source named Patrick Schoettmer as the subject of the charges.

Later that morning, McKinley went to the Decatur County Clerk's office to look at the court records in order to confirm Schoettmer's name, that a probable cause hearing had been held, and to learn the details of the charges. However, the employees in the Clerk's office would not allow McKinley to look at the criminal docket book and denied her access to all records relating to the information.

McKinley then went to see John Westhafer, Judge of the Decatur County Circuit Court, and asked him why she was being denied access to the records relating to the information filed against Schoettmer. Judge Westhafer responded that he had granted the motion of Prosecutor Bass that the information be sealed until Schoettmer was taken into custody. The motion to seal the information was granted pursuant to Ind.Code 35–34–1–1(d) (1982), which provides:

The court, upon motion of the prosecuting attorney, may order that the indictment or information be sealed. If a court has sealed an indictment or information, no person may disclose the fact that an indictment or information is in existence or pending until the defendant has been arrested or otherwise brought within the custody of the court. However, any person may make any disclosure necessarily incident to the arrest of the defendant. A violation of this subsection is punishable as a contempt.

McKinley asked Judge Westhafer what would happen if the Greensburg Daily News published a story concerning the information filed against Schoettmer. Judge Westhafer told McKinley that she and her editor would be held in contempt if the newspaper published a story concerning the Schoettmer information prior to Schoettmer's arrest.

McKinley then returned to the Greensburg Daily News and told her editor, John Murphy, of her conversation with Judge Westhafer. McKinley and Murphy feared being held in contempt if any article concerning the Schoettmer information or its sealing were published. Therefore, no such article was published on November 4, 1982. On November 5, the Greensburg Daily News was informed that Schoettmer had been arrested. The newspaper then published an article concerning the information and arrest in its evening paper. But for Judge Westhafer's statements to McKinley and Ind.Code 35–34–1–1(d), plaintiffs would have published an article reporting the existence of the information on November 4.

Plaintiffs seek a declaratory judgment that Ind.Code 35–34–1–1(d) is unconstitutional, both on its face and as applied to plaintiffs because it violates plaintiffs' rights of freedom of speech and press as guaranteed by the First and Fourteenth Amendments to the Constitution of the United States.

### Discussion

Whether we view Ind.Code 35–34–1–1(d) as a prior restraint upon the press or as a penal sanction for disclosing lawfully obtained, truthful information is not dispositive: in either case, the highest form of state interest is required to sustain the statute's validity. *Smith v. Daily Mail Publishing Co.,* 443 U.S. 97, 101–102, 99 S.Ct. 2667, 2669–70, 61 L.Ed.2d 399 (1979). *See also Landmark Communications, Inc. v. Virginia,* 435 U.S. 829, 98 S.Ct. 1535, 56 L.Ed.2d 1 (1978); *Nebraska Press Assn. v. Stuart,* 427 U.S. 539, 561, 96 S.Ct. 2791, 2803, 49 L.Ed.2d 683 (1976); *Organization for a Better Austin v. Keefe,* 402 U.S. 415, 419, 91 S.Ct. 1575, 1577, 29 L.Ed.2d 1 (1971); *Near v. Minnesota ex rel. Olson,* 283 U.S. 697, 713, 51 S.Ct. 625, 630, 75 L.Ed. 1357, 1367 (1931).

Indiana Code 35–34–1–1(d) will therefore pass constitutional muster if it, first, satisfies a state interest of the highest order and, second, is narrowly tailored to serve that interest in the manner least restrictive of a free press. *Globe Newspaper Co. v. Superior Court,* 457 U.S. 596, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982).

We think that Ind.Code 35–34–1–1(d) meets these two requirements. The obvious purpose of the statute is to facilitate the apprehension of criminal suspects by reducing the risk of flight. The state has a compelling interest in the effective enforcement of its criminal laws. Indiana Code 35–34–1–1(d) represents a significant contribution to that process in that it allows for the apprehension and prosecution of criminals who would otherwise have avoided arrest.

In addition, Ind.Code 35–34–1–1(d) is drafted no more broadly than necessary to serve this state interest. A criminal suspect who is disposed to flee to avoid prosecution will do so whether he is forewarned of impending prosecution by a source in the county clerk's office or by the evening newspaper. In certain cases, this result is avoidable only if the suspect is taken completely unaware of prosecution. It is therefore necessary for the state to prohibit disclosure by "any person" instead of restricting the statute's scope to court personnel and others closely associated with the judicial process.

The fact that Ind.Code 35–34–1–1(d) does not require the Court to make findings on the record to justify its order to seal does not represent a constitutional infirmity. If a third party with standing to sue, such as plaintiffs in this case, wishes to challenge a particular seal order as an unconstitutional application of Ind.Code 35–34–1–1(d), the absence of findings on the record is certainly not an obstacle. The fact that the Court granted the motion to seal is tantamount to a finding that the suspect was likely to flee if forewarned of the indictment or information. A reviewing court will scrutinize the record of the probable cause hearing to determine whether facts were elicited to support the court's decision to seal the indictment or information.

Plaintiffs speculate that Ind.Code 35–34–1–1(d) could give rise to abuses because it does not provide for the expiration of the seal order in cases where the suspect is not apprehended within a reasonable time. Any provision allowing for secrecy in government has potential for abuse. We are convinced, however, that the potential for abuse of Ind.Code 35–34–1–1(d) is far outweighed by the statute's salutary effects.

Accordingly, we find Ind.Code 35–34–1–1(d) constitutional both on its face and as applied to the facts of this case.